(18 Misc. Rep. 311.)

## In re HEACOCK.

(Supreme Court, Special Term, Albany County.  October 17, 1896.)

ELECTIONS—DECISION OF PARTY CONVENTION—REVIEW.
Under Laws 1896, c. 909 (Election Law) § 56, providing that the court reviewing the decision of the officer with whom certificates of election are filed as to regularity of a party nomination shall "make such order in the premises as justice may require," the court is not bound by the decisions of party conventions.

Application by Seth G. Heacock to review the decision of the secretary of state that James S. Sherman was the regular Republican nominee from the Twenty-Fifth congressional district.  Affirmed.

A. M. Mills, for the motion.

F. G. Fincke, opposed.

HERRICK, J.    This is an application to review the decision of the secretary of state in determining that James S. Sherman is entitled to have his name printed upon the official ballot as the regular Republican nominee from the Twenty-Fifth congressional district in this state, and that Seth G. Heacock is not so entitled.    I find as a conclusion of fact that the so-called "Sherman Delegates" were regularly chosen at the assembly district convention held for that purpose in the Third assembly district of Oneida county.    This being true, Mr. Sherman had a majority of the regularly elected delegates at the congressional convention.    It is therefore unnecessary for the purposes of this decision for me to investigate as to who were the regularly elected delegates from the county of Herkimer, and that contest is therefore not passed upon.

The position was taken in the argument before me that, in determining the regularity of nominees, the court was bound by the decisions of party conventions.    I cannot assent to this proposition. Other duties prevent me at this time giving at length my reasons for reaching this conclusion.    Suffice it to say that there is a distinction to be drawn between the decisions of party conventions and committees in the matter of party emblems, and the selection of inspectors of election and the nomination of candidates.    When contending party organizations are each claiming the same emblem, the statute provides that preference shall be given to that faction recognized by the regularly constituted party authorities (Laws 1896, c. 909, § 56, "Election Law"); and, in the selection of election officers, that organization is to be recognized that was declared regular at the last state convention, or, if none has been held, then the one that is recognized as regular by the state committee (Id. § 12). When the party emblem has been chosen, the law provides (section 56) that it shall be used to designate all the candidates of that party. When the question comes as to who is in truth and fact the candidate of a party, and an appeal is taken to the courts or a justice thereof, and there is nothing said as to preferences or decisions of party conventions or committees, the statute provides (section 56)

that the court, justice, or judge reviewing such a decision as is here in question shall "make such order in the premises as justice may require"; not such order as shall be in conformity with the decision of any party convention or committee, but such order as the justice of the case demands.    The very purpose of the law in providing for a hearing before the officer with whom the certificate is required to be filed, and a review by a court, judge, or justice, was for the purpose of affording a remedy for the injustice done by political organizations, and to bring such matters under the protection of the law; otherwise, these questions would be left to the determination of party committees, the same as is done in the case of the selection of election officers, instead of devolving that duty upon sworn public officers and the judiciary of the state.    It may be unfortunate that the courts or justices should be brought into these controversies.    That is a question of policy that has been passed upon by the legislature of the state, and it has required us to act, and to decide each case "as justice may require,"—justice as we find it, not justice as somebody else finds it.    While the decision of the supreme political authority of a party may be conclusive, as a general rule, as to which of two well-defined organizations of the same party is the regular organization, I do not think that the rule holds good when determining the regularity of nominations claiming to be made under the auspices of the same party organization as in this case.    It seems to me, too, that the word "faction," as used in the election law, refers to different political organizations of the same party, and not to contending members of the same organization, who are engaged in the support of different candidates, who are seeking or claiming the nomination to office from the same organization, as in this case.

So far as appears here, there is only one Republican organization in the Twenty-Fifth congressional district, or in either of the counties or any of the assembly districts composing it, and the question is, who has been nominated by that organization?    Without going into details, it is sufficient to say that the convention in this case was called by the regularly constituted party authority.    The delegates all presented themselves there.    From two districts there were no contests.    The delegates from these two districts, together with those I have found to be the regular delegates from the Third district of Oneida county, constituted a large majority of the delegates necessary to constitute the convention.    They nominated Mr. Sherman, and justice requires that the will of the majority, when regularly expressed, be given effect.

The decision of the secretary of state is affirmed.