(89 App. Div. 119.)

### RABBITT et al. v. GARAND et al.

(Supreme Court, Appellate Division, Third Department. December 1, 1903.)

1. PRIMARY ELECTIONS—MISCONDUCT OF INSPECTORS—SUMMARY JURISDICTION.

　　Laws 1898, p. 331, c. 179, as amended by Laws 1899, p. 968, c. 473, gives justices summary jurisdiction to review any act or neglect of a board of inspectors of primary elections. Defendants in a proceeding brought thereunder withdrew their answer, and expressed their intention not to question the merits of the petitioners' application, but to stand on their preliminary objections to jurisdiction. *Held*, that the only question before the court was that of jurisdiction.

2. SAME—INSPECTORS—PUBLIC OFFICERS.

　　Primary election inspectors are public officers, under Laws 1898, p. 331, c. 179, as amended by Laws 1899, p. 983, c. 473, § 5, requiring each member of the board of inspectors of primary elections, before entering on his duties, to subscribe an oath to faithfully perform his duties as such inspector.

3. SAME—CANVASS OF VOTES—FRAUD—SUMMARY JURISDICTION.

　　Laws 1898, p. 347, c. 179, as amended by Laws 1899, p. 987, c. 473, § 8, provides that, as soon as the polls at any official primary election shall close, the inspectors shall publicly canvass the votes. In a proceeding to review alleged action or neglect of such inspectors, it appeared that they included in the count and returned a large number of ballots not

voted at all, and corruptly "stuffed" in the box, or added to the returns for the purpose of fraudulently changing the result. They ejected the watchers and all interested in the success of the opposition ticket from the polling place. *Held*, that the acts complained of present a case of an "action or neglect" which may be summarily reviewed under the act.

4. SAME—QUO WARRANTO.

Where election committeemen, holding fraudulent certificates of election, had not in fact entered into possession of the offices for which they were candidates, but had had their certificates nullified by a justice, under summary power given him by law, before they were effective to give them possession, a contention that the only remedy to prevent their exercise of the duties of the offices is by applying for a writ of quo warranto to try the title to the office is without merit.

5. SAME—ESTOPPEL.

Though the holder of a certificate of election to an office is prima facie entitled to the office, yet, when such holder comes into a court having jurisdiction in summary proceedings before he gets possession of the office, and practically admits his title thereto to be fraudulent, he cannot be heard to complain that the remedy of quo warranto to try title to the office was the only remedy available.

Appeal from Trial Term, Albany County.

Proceeding by John Rabbitt and others against John C. Garand and others. From an order setting aside the certificate and statement of canvass made by primary election inspectors, adjudging the true result of the primary, and directing the inspectors forthwith to reconvene, and make, sign, and file a correct statement of the result, nullifying certificates issued by the custodian of primary records, and directing issuance by him of certificates to the committeemen elected, defendants appeal. Affirmed.

This is a proceeding, commenced under section 11 of the primary election law (Laws 1898, p. 353, c. 179, as amended by Laws 1899, p. 995, c. 473), before a justice of the court, to review the action or neglect of the board of inspectors of primary elections in the Third Election District of the Fourth Ward of the city of Cohoes at the Democratic primary election held on September 15, 1903, for the election of three members of the Democratic general committee, and for the nomination of ward officers and certain delegates to conventions. That ward is composed of three election districts, the first and second of which comprise one primary district, and the third another primary district. At that primary election two sets of candidates were voted for upon separate tickets, upon one of which tickets, called in the record "Ticket A," the petitioners John Rabbitt, Solomon Dotter, and John Coffey were named for general committeemen; and upon the other of said tickets, called "Ticket B," the appellants Edward O'Hearn, William E. Cain, and Charles Riley, were named for general committeemen. The primary in the district comprising the First and Second Election Districts of the ward resulted in a majority of 8 for the petitioners. The appellants who were inspectors made a statement and return that 82 ballots were cast at said primary in the Third District, of which the petitioners, who were candidates on Ticket A, received 21; and the appellants, who were candidates on Ticket B, 61. Such statement and return was filed with the custodian of primary records, together with the poll list, which had checked as voting at such primary the names of 82 persons. The petitioners thereupon filed a petition alleging that only 58 ballots, in all, were cast at said primary election in said Third District of the Fourth Ward, of which at least 34 were cast for them; that the said statement and return filed by said inspectors was untrue and fraudulent, and made for the purpose of defrauding the petitioners of their just rights; that, before the canvass of the votes was commenced in said district, the inspectors of election therein forcibly ejected from the polling place all the watchers designated by the candidates on the ticket upon which the petitioners were running, and all the sympathizers with said candidates,

and that the doors of said polling place were closed and fastened, and the public and all persons excluded therefrom during the canvass, except the said inspectors and the watchers named by the candidates upon the other ticket; and they also allege that they were duly elected at said primary election, and entitled to receive from the custodian of primary records a certificate to that effect. Upon that petition, and the accompanying affidavits in support thereof, an order to show cause why an order should not be made directing such board of primary inspectors to reconvene, and make, sign, and file a return of the true vote cast at such primary election, and for other relief, was made. Upon the return of such order the appellants appeared by their attorney, and objected to the jurisdiction of the justice upon the grounds that he had no power to compel or direct said inspectors to make any new, other, or different canvass of the votes cast at the primary election referred to in the moving papers, under the allegations therein contained; that the justice had no power to summarily proceed herein, and make a new or different canvass of the votes cast at said primary, under the allegations contained in the moving papers; and also that, under the allegations contained in the moving papers, the justice had no power to grant any relief herein, or to make any order other than an order dismissing the proceedings for want of jurisdiction. The justice reserved his decision on these objections, and the defendants thereupon filed an answer, and an adjournment was taken. Upon the adjourned day the justice overruled the objections to the jurisdiction, whereupon the defendants' attorney took an exception, and moved to dismiss the proceedings so far as the candidates for committeemen were concerned, upon the ground that in the moving papers it appears that they are public officers, and there is no jurisdiction in the justice to try title to office. This objection was also overruled, and the defendants excepted, whereupon the justice proceeded to take testimony in support of the allegations of the petition. It was shown that some of the names of persons checked on the poll list as voting at such primary were of persons who had died some time prior thereto, that some were the names of persons who were enrolled thereon as Republicans, and that some were persons who were not enrolled. It was also shown that a number of persons whose names were checked thereon as having voted had not in fact voted at all at such primary. A further adjournment was taken until October 15, 1903. The following from the record shows the entire proceedings on that day:

"Mr Delaney: May it Please the Court: Since the adjournment of this matter last evening, we, who have appeared for the defendants, the inspectors of election and the committeemen, have examined further the question of the jurisdiction of your honor in this proceeding—especially the jurisdiction of your honor as to the granting of an order affording the relief, or any part of the relief, which the other side desires—and we are still more than ever convinced of the correctness of our position. We had not expected that there would be any serious question as to lack of jurisdiction, and while your honor's ruling has, to some extent, shattered our confidence, nevertheless there is enough of our confidence left to lead us to believe that we would be able to demonstrate, if we had sufficient time, that your honor was without jurisdiction; but your honor's time is limited, and we are not able, apparently, in the limited time at your command, to make that full examination and discussion that I think might result in convincing your honor of the lack of jurisdiction. There is a court to which we can take this matter after your honor's decision, and, with your honor's permission, we are desirous of having this question of jurisdiction reviewed. If your honor permits, we desire to withdraw our answer in this matter, and review the question of jurisdiction on a direct appeal from the decision of your honor as to your jurisdiction. We desire to have the answer withdrawn, feeling that your honor will make such order as you think you have the right to make in a proceeding of this character, whereupon we desire to review that matter on the question of jurisdiction. The Court: You desire to stand upon your preliminary objections before the Appellate Division? Mr. Delaney: Yes. The Court: Not questioning the merits? Mr. Delaney: Not questioning the merits. The Court: The counsel for the defendants having stated their desire to stand upon the preliminary objections made to the jurisdiction of the court, and bring that question alone before the Appellate Di-

vision, and not questioning the merits of the petitioners' case, they are allowed to withdraw their answer. You may raise, and have a right to raise, all of the questions which were raised by your preliminary objections. Mr. Cohn: We desire to go on and make our proof such as we think is obligatory. The Court: No; I don't think it is obligatory to make that proof, and I know of no reason why you cannot take your order. Mr. Wertime: The complainants offer to prove by witnesses now in court that only 58·ballots were cast at this primary election, and also by 34 of the persons voting at said primary that they voted the ticket annexed to the petition, and marked 'A.' We also offer to prove by witnesses in attendance upon this court each and every allegation set forth in the petition. The Court: All that appears from the moving papers, which are undisputed. There being now no answer in the case to raise any issue, I hold all that to be proven.

The justice thereupon made an order setting aside the certificate and statement of the canvass made by the inspectors, and adjudging the true result of said primary to be as claimed by the petitioners, and directing such inspectors forthwith to reconvene, and make and sign a statement of the result of such primary as so adjudged, and forthwith file the same with the custodian of primary records. The order further nullified the certificates of election issued by such custodian to the appellants, and directed him to issue certificates instead to the respondents. From such order this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Peter A. Delaney, for appellants.

Walter H. Wertime (Judson S. Landon, of counsel), for respondents.

CHESTER, J. The appellants having withdrawn their answer, and having expressed their intention not to question the merits of the petitioners' application, but to stand upon their preliminary objections to jurisdiction, the only question we need to discuss is as to the power of the justice to make the order appealed from.

Section 11 of the primary election law (Laws 1898, p. 353, c. 179, as amended by Laws 1899, p. 995, c. 473), under which this proceeding was commenced, so far as is pertinent to this inquiry, is as follows:

"Any action or neglect * * * of any inspector of primary election, or of any public officer or board with regard to the right of any person to participate in a primary election * * * or with regard to any right given to, or duty prescribed for any elector * * * officer or board, by this act, shall be reviewable by the appropriate remedy of mandamus or certiorari, as the case may require. In addition thereto, the Supreme Court, or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review such action or neglect * * * and shall make such decision and order as, under all the facts and circumstances of the case, justice may require."

The inspectors of the Democratic party in this district compose a board of primary election inspectors, and are public officers. Each is required, before entering upon his duties, to make and subscribe an oath to faithfully perform his duties as such inspector. Id. § 5.

The statute with reference to the canvass of votes provides:

"As soon as the polls at any official primary election shall close, the board of primary inspectors shall forthwith publicly canvass and ascertain the result thereof, and they shall not adjourn or postpone the canvass until it shall be fully completed. * * * The room in which such canvass is made shall be clearly lighted, and such canvass shall be made in plain view of the public. It shall not be lawful for any person or persons during the canvass, to close

or cause to be closed, the main entrance to the room in which such canvass is conducted, in such manner as to prevent ingress or egress thereby." Id. § 8.

Section 8 of the statute also contains specific directions as to the manner of canvassing the votes and returning the result thereof. Quotations from the statute are not essential to show that it is the duty of the inspectors to publicly canvass the votes cast by duly enrolled voters of the party holding the primary, and to faithfully and honestly count, and return a statement of the result of, such votes, and not, as this record plainly shows, to include in such count and return a large number of ballots not voted at all, but corruptly "stuffed" in the box, or added to the returns for the purpose of fraudulently changing the result and baffling the will of the majority. The purpose of the inspectors in ejecting the watchers and all interested in the success of the opposition ticket from the polling place is apparent, and was a clear violation of the law. When this was supplemented, not by a canvass and return by the inspectors of the votes cast alone, but of a large number of fraudulent votes corruptly added to change the result, a case is presented where quick and summary justice only is adequate to provide a remedy. If the acts of these inspectors complained of and proven here do not present a case where an "action or neglect" of an inspector of primary election or of a public officer or board with regard to a right given to any elector, and with regard to a duty prescribed for an officer or board by the law, may be summarily reviewed by the court, or a justice thereof, and be remedied by such an order as justice requires, it would be difficult to conceive an action or neglect, under the law, which is. It was the duty of the inspectors to make a true and honest statement of the votes cast, and it was the right of every elector to have that duty faithfully performed.

After the answer of the appellants was withdrawn, and their counsel made the statements to the justice which he did on withdrawing it, they stood before him in the position of practically conceding that all the allegations of the petition were true, and of claiming that, notwithstanding the fraud upon the ballot box there charged which concerned every elector who voted, and the public at large as well as the respondents, the justice was powerless to act or to afford any relief, and that the only remedy of the respondents was by applying for a writ of quo warranto to try the title to the office. There might be some plausibility in that position if the appellants, who now hold fraudulent certificates of election as committeemen, had in fact entered into possession of the offices for which they were candidates, yet, when the justice, under the summary power given him by the law, nullified the certificates before they were effective to give them such possession, the contention of the appellants in this respect has nothing in it to commend it to my judgment. In saying this, I do not overlook the general rules that election returns are presumptive evidence of their contents, and that the holder of a certificate of election to an office is prima facie entitled to the office, yet, when such a holder comes into court before he gets possession of the office, and practically admits his title thereto to be fraudulent, if the court has jurisdiction of the subject-matter, he at least cannot complain if the court

so declares, and directs the certificate to issue to the one lawfully
entitled thereto.     I think the justice before whom this case was heard
had jurisdiction, under the facts appearing here, of the subject-matter;
and, by standing on their objection to the jurisdiction of the justice,
the appellants should not now be heard on the merits.

The Legislature had the power to provide a summary remedy to
review the action or neglect of inspectors and boards under the
primary election law, and the facts and circumstances appearing here
were such that justice required the making of the order appealed from.
It should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.  All concur.