In re COUGHLIN.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. ELECTIONS (§ 154*)—PRIMARY ELECTIONS—COURT REVIEW—CONSTRUCTION OF STATUTE.

Election Law (Laws 1909, c. 22; Consol. Laws, c. 17) § 70, provides that the Supreme Court, or a judge thereof, within the judicial district, or a county judge within his county, shall have summary jurisdiction to review any action or neglect of any inspector of primary elections with regard to the right of any person to participate in such election, etc., and shall make such decision as justice may require, without regard to any determination of the regularly constituted party authorities. *Held*, that such courts may summarily set aside a fraudulent primary election, and order a new election to be held.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ELECTIONS (§ 154*)—PRIMARY ELECTIONS—COURT REVIEW.
　　The section is not punitive, but corrective, and designed to cancel unlawful proceedings which have resulted in the declaration of a false result; and whether the court will set aside such an election for fraud rests in its sound discretion, and must be determined by the facts of each particular case.
　　[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

3. ELECTIONS (§ 154*)—PRIMARY ELECTIONS—COURT REVIEW.
　　Where fraud as alleged could not have affected the result of the election, but at most swelled the majority of the successful candidate, the court need not set the election aside.
　　[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Appeal from Special Term, New York County.

Application by Francis P. Coughlin to review the result of a primary election. From an order denying a summary order under Election Law (Laws 1909, c. 22; Consol. Laws, c. 17) § 70, petitioner appeals. Affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Edward A. Alexander, for appellant.
Theodore Connoly, for respondent.

SCOTT, J. This is an appeal from an order of the Special Term denying the petitioner's application for a summary order under section 70 of the Election Law (chapter 22, Laws 1909, constituting chapter 17, Consol. Laws). The applicant was a candidate for membership in the county general committee of the Democratic party in the Thirteenth assembly district of the county of New York at a primary convention held on the 21st of September, 1909. His name headed the list of candidates. His opponent, heading the list of candidates for the opposing faction, was one John F. Curry. The thirteenth assembly district comprises 23 election districts, in each of which the primary election was conducted. The result of the election, as declared by the canvassers, was that the ticket headed by the petitioner received 419 votes and the ticket headed by Curry received 2,718 votes.

The petitioner claims that gross frauds and irregularities were committed by the officers in charge of the primary election in several of the polling places in which the primary election was held, and these he specifies with some detail. His allegations in this regard are met by somewhat feeble and unconvincing denials. The statute under which the petitioner seeks relief reads as follows:

"Section 70. Jurisdiction of and Review by the Courts: Any action or neglect of the officers or members of a political convention or committee, or of any inspector of primary election, or of any public officer or board with regard to the right of any person to participate in a primary election, convention or committee, or to enroll with any party, or with regard to any right given to, or duly prescribed for, any voter, political committee, political convention, officer or board, by this article, shall be reviewable by the appropriate remedy of mandamus or certiorari, as the case may require. In addition thereto, the Supreme Court, or any justice thereof within the judicial district,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review such action or neglect. Such a complaint shall be heard upon such notice as the said court or justice or judge thereof shall direct. In reviewing such action, or neglect, the court, justice or judge shall consider, but need not be controlled by, any action or determination of the regularly constituted party authorities upon the questions arising in reference thereto, and shall make such decision and order, as under all the facts and circumstances of the case, justice may require. For any of the purposes of this section, service of a writ of mandamus, certiorari, order or other process of said court or justice or judge thereof upon the chairman or secretary of such convention, committee or board, shall be sufficient."

This section is very broad, and confers wide summary powers upon the court; the purpose clearly being to enable the court to act promptly to correct fraudulent practices and compel fair conduct of primary elections. So far as concerns the right of any person to participate in a primary election, or to enroll or to exercise any right with regard to such elections, the court may issue a writ of mandamus or certiorari. Neither of these remedies would be appropriate to the facts upon which the petitioner relies. It is, however, within the power of the court, in a proper case, to summarily set aside a fraudulent primary election and order that a new election be held. Matter of Rabbitt v. Garand, 89 App. Div. 119, 85 N. Y. Supp. 473. Such is the clear intention of the section quoted above. Whether the court, having the power, will exercise it, rests in its sound discretion, and must be determined in each case by the facts of that particular case.

The section is not punitive, but corrective, and designed merely to cancel unlawful proceedings, which have resulted or may have resulted in the declaration of a false result. If upon the application itself it appears reasonably clear that the unlawful acts complained of could not have affected the result of the election and at most only served to swell the apparent majority of the successful candidate, a case is not presented in which the court is bound to act. Such is the case made by the present applicant. Disregarding his general allegations, and considering only the particular districts which he specifies as those in which fraudulent practices prevailed, it is apparent that these frauds, if they existed precisely as he alleges, could not have affected the general result. We are therefore of the opinion that no case was presented for a summary order under the section above quoted, and that the application was properly denied.

Order affirmed. All concur.