KOENIG v. BRITT et al.

(Supreme Court, Appellate Division, First Department. February 23, 1912.)

ELECTIONS (§ 121*)—BALLOTS—FORM AND CONTENTS.

Election Law (Laws 1911, c. 891) § 37, provides that the members of the county committees of political organizations shall consist of such number and elected from such units of representation as the regulations of the party may provide, and that where a judicial, senatorial, congressional, assembly, city, and borough, aldermanic, and Municipal Court district is coterminus with, or less than the limits of, but wholly within, an entire county, the members of the county committee from such districts shall constitute committees for the respective purposes enumerated in those districts, unless otherwise provided for by the rules of the party. A county political organization selected the assembly district as its unit of representation, and made no provision adverse to the general law making the members of the county committee ipso facto members of other committees. Held, where the assembly district has not been subdivided, the ballot need not be incumbered by repeating the names of candidates for the county committee for each other committee to be filled, but, where there has been a subdivision and certain borough, congressional, Municipal Court and aldermanic districts are entitled to representation in two or more committees, the right of electors to participate in the election of representatives being limited to election districts in which they are qualified voters, the party organization must apportion the membership in the district committees between the various assembly districts and parts thereof, and repeat on the ballot the names of the candidates for membership upon the county committee as often as there are other committeemen to be elected for smaller units.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 121.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Mandamus by Samuel S. Koenig against J. Gabriel Britt and others. From an order on return to the writ, defendants appeal. Modified.

Argued before CLARKE, McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Terence Farley, for appellants.

A. S. Gilbert, for respondent.

James A. Foley, by permission of court, for Democratic party of the county of New York.

Herbert R. Limburg, for Independence League.

DOWLING, J. The Legislature in the exercise of a power which is not here questioned has conferred upon party organizations the right to determine the unit of representation from which the members of the county committee shall be selected, as well as the number of members in said committee. Acting under the power thus conferred, the Republican organization in this county has selected the Assembly District as its unit of representation, and has also fixed the ratio for such representation based on the votes cast for its candidate for Governor at the preceding state election. By failing to make any provision adverse to the general provisions of section 37 of the election law (chapter 22, Laws 1909, as amended by chapter 891, Laws

1911), the members of the county committee elected by assembly districts became ipso facto members of the judicial, senatorial, congressional, assembly, Municipal Court, aldermanic, city and borough district committees, and that such is the effect of the section in question is not disputed; but it is contended that the names of the members of the county committee should be repeated as often upon the ballot as there are separate committees to be filled and appear under the proper committee heading. For this method of election no good argument is advanced. Its sole result would be to incumber needlessly an already cumbersome ballot, for membership in the county committee automatically entitles the person thereupon to membership in all the other committees representing the district as a whole, no matter how numerous they may be. This being so, a single appearance of the names of the candidates for the county committee upon the ballot is sufficient, and, when elected, their membership in the other committees attaches without further action. The sole exception to this result is in a contingency which actually exists in some districts in this county, and for which in the order appealed from no provision has been made nor has the Legislature specifically provided therefor. This question cannot arise in the case of assembly, senatorial, or judicial district committees, in none of which is the assembly district subdivided; but in the case of borough, congressional, Municipal Court, and aldermanic districts there are assembly districts which have been subdivided so that they are entitled to representation in two or more such committees. In these cases it would seem that neither the county committee nor the party organization can distribute or apportion the delegates between the various committees in which the assembly district is entitled to representation.

Under the rule laid down in Matter of Murphy, 126 App. Div. 58, 110 N. Y. Supp. 1020, the right of electors to participate in the election of delegates to conventions was limited to election districts in which they are qualified voters. Any contrary rule was there stated to be opposed to the principles of our government and to the letter and spirit of the statute. Under the conditions, it would seem, therefore, that the only case in which it is necessary to duplicate the names of the candidates for membership upon the county committee is where the assembly district is subdivided in the method indicated, and in those cases it is the duty of the party organization to establish rules for the proper apportionment of membership in the borough, congressional, Municipal Court, and aldermanic district committees between the various assembly districts and parts of assembly districts entitled to participation therein, and in the assembly districts so subdivided the ballot will then contain the names of the candidates for membership upon the county committee and in the names of such county committeemen repeated as often as there are other committeemen to be elected for smaller units than the entire assembly district, apportioned among the other committees in such numbers as the party rules may determine. Each subdivision of the assembly district would then be entitled to vote in addition to the county committee for the entire assembly district only for such other committeemen as reside therein and are named as delegates to that particular

congressional or other committee which represents their section of the assembly district. As to all the other assembly districts, the names of the county committeemen would appear but once. This would give a ballot which it seems to me would as closely as possible carry out the expressed views of the Legislature as carried into effect by the party organization, in that it would be simplified by having but one list of names of committeemen for all assembly districts which were not subdivided for the election of certain officers, and as to districts so subdivided would give a ballot containing the list of county committeemen with only such duplication of part thereof as would be necessary to apportion the representation in the various subdivisions for the purpose of electing other committeemen, and would insure the election of such committeemen for the subdivided districts only by the electors entitled to vote therein and to be represented in such committees.

I believe, therefore, that the order appealed from should be modified so as to provide in the cases of congressional, borough, Municipal Court, and aldermanic districts where part of an assembly district only is included that the names of the members of the county committee designated to act in such other committees must be separately printed and designated upon the ballot.

CLARKE, McLAUGHLIN, and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). A question has arisen with respect to the validity or construction of section 37 of the election law (chapter 17 of the Consolidated Laws of 1909, as amended by chapter 891 of the Laws of 1911)., and the members of the board of elections are equally divided as to whether where the party rules do not provide for the election of members of any committee other than the county committee the ballots for the primary elections shall contain the names only of candidates for members of the county committee of the respective organizations, or whether they shall contain the names of the same candidates in part for same or for all of the committees of the organizations enumerated in said section 37. With a view to having the question authoritatively decided, an application was made to the Special Term for a writ of mandamus commanding the board to print the ballots in accordance with the law, as construed by the court. The order from which the appeal is taken was evidently based on the theory of construction that in the county of New York the members of the county committee of the Republican party shall constitute the members of their various other political committees for the political subdivision for which they have been elected to represent the electors of their respective parties for the reason that the party has accepted the statutory rule to that effect. The decision about to be made deprives the party of the right to have its other committees composed entirely of members of the county committee and violates, I think, the express provisions of the statute. By said chapter 891 of the Laws of 1911, section 35 of the election law as it then existed was repealed, and sections 36 to 40 inclusive were renumbered and inserted in article 2 and new enactments were

inserted in article 3 as sections 35, 36, 37, 38, 39, and 40. The new section 35 provides that party committees shall consist of a state committee of judicial district, congressional district, senatorial assembly district, aldermanic district, and Municipal Court district committees, and of county, city, and borough committees, together with such subcommittees, or executive or campaign committees, appointed by the state or other committees, as authorized by the election law, and such other committees as may be provided for by the rules and regulations of the party. The new section 36 provides that the state committee shall consist of such number "elected from such units of representation, in even numbered years as the respective parties shall provide, by rules and regulations adopted at a state convention at which state officers are nominated," and that each member shall be a resident "of the unit of representation he is elected to represent"; and it contains other provisions, with respect to the then present and the future organization of state committees and with respect to state conventions which are not involved in this appeal. The new section 37 provides that the members of all committees enumerated in the new section 35 "shall be elected at primary elections as herein provided for." It then provides that the members of all committees shall be elected at the same primary and specifies the time when it shall be held. Then come the provisions most important on this appeal, which are as follows:

"Members of the county committee shall consist of such number and elected from such units of representation as the rules and regulations of the party may provide, excepting that there shall be at least one member of such committee from each election district in the county.

"Where a judicial district, senatorial district, congressional district, assembly district, aldermanic district, Municipal Court district, city or borough is coterminous with or less than the limits of but wholly within the entire county, the members of the county committee from such judicial district, senatorial district, congressional district, assembly district, aldermanic district, Municipal Court district, city or borough, shall constitute the judicial district, senatorial district, congressional district, assembly district, aldermanic district, Municipal Court district, city or borough committee, unless otherwise provided for by the rules of the party."

Special provision is then made for judicial, congressional, and senatorial committees in cases where the district consists of more than one county, except the counties of Fulton and Hamilton, which are deemed to be one. It appears that the Republican party has adopted the assembly district as the unit of representation, and it is to be inferred, although it is not clearly stated, that by its rules the members of the county committee are not elected by election districts, but by assembly districts; and such we are informed by counsel is the case with the other political parties, although that does not appear by the record. The rules of the Republican party, however, do not provide for the election of any members of committees other than the county committee in the county of New York. The judicial district is coterminous with the county of New York, and comprises entire assembly districts. The senatorial districts also comprise entire assembly districts. The Thirty-Second assembly district, however, embraces part of the borough of Manhattan and part of the borough

of the Bronx, and the congressional districts do not embrace entire assembly districts, and the same is true with respect to the Municipal Court districts; and in some instances several aldermanic districts are wholly included in a single assembly district. Since rules of the Republican party do not provide that the members of the county committee shall not constitute the members of the other political committees, it is quite plain that, by virtue of the provisions of said section 37, only members of the county committee shall be elected by the Republican party, and that the other committees shall be composed of such members; but the Legislature has left it optional with political parties to provide by rules for the election of others than members of the county committee to represent them on one or more of the other committees, and, if they should see fit to do that, then no question would arise with respect to the construction of the statute.

The court is in effect asked to nullify these clear provisions of the law on account of an alleged oversight by the Legislature, with respect to leaving it discretionary with the parties to select as units of representation political subdivisions of the city larger than an election district. It is contended that the Legislature is presumed to have known that the parties adopted the assembly district as the unit of representation, and that the members of the party committees are, under the rules of the parties elected, not by election districts, but by assembly districts. It is therefore argued that since, as has been seen, some of the political districts to be represented by committees embrace part, but not the whole, of an assembly district, there is no method by which it may be determined which committeemen elected on an assembly district ticket are to represent one or more election districts of that assembly district on a party committee representing a district which does not embrace the entire assembly district. If necessary to sustain the constitutionality of the law or to reconcile provisions which are apparently inconsistent, it should be held that the party organizations must revise their rules by providing that the members of the county committee shall be elected by election districts, and by apportioning representation on the several committees to the various election districts in the manner provided by law. The respective organizations are now recognized by law, and the members are regarded, for certain purposes, as public officers, and, in so far as the Legislature has devolved duties on political organizations, the performance of such duties may be enforced by mandamus (see People ex rel. Coffey v. Democratic Com., 164 N. Y. 335, 58 N. E. 124, 51 L. R. A. 675; Matter of Hines, 141 App. Div. 569, 126 N. Y. Supp. 386; People ex rel. McCarran v. Dooling, 128 App. Div. 1, 112 N. Y. Supp. 71, affirmed 193 N. Y. 604, 86 N. E. 1130; Matter of Murphy, 126 App. Div. 58, 110 N. Y. Supp. 1020), or summarily under section 56 of the election law. The question, however, as to whether it will be necessary for the Republican party to amend its rules, or for other political parties to do likewise, in this regard or in any other respect, is not presented for decision, and cannot be authoritatively decided, for no relief is asked against any party organization or committee. The only point presented for decision is

whether, in the county of New York, where a party does not otherwise provide by its rules, the members of the county committee become ex officio members of the other committees specified in section 37 of the election law, which necessitates and permits the election of members of the county committee only. In such circumstances I am of opinion that the only names of candidates to be printed on the ballot are the names of candidates for members of the county committee, and that the court properly so ordered. Vigorous complaint is made against the law upon the ground that the primary ballots will be extremely long. It was stated by counsel for one of the parties that the ballot of his party would in one district be upwards of 70 feet in length. The question as to whether the ballot shall be small or large has been left by the Legislature to the respective party organizations, and depends upon their determination as to whether they desire their party to be represented by large numbers upon the various committees. If a party by its rules sees fit to adopt the assembly district as the unit of representation, and to require the separate election of the members of the various committees, instead of letting the members of the county committee act ex officio on the other committees, and to provide that each assembly district shall be represented by a large percentage of the voters to be elected as members of the various committees, of course, the ballot will be long in the proportion that such representation is extended. A party, however, is at liberty to provide by its rules that members of the county committee only shall be elected, and that only one member thereof shall be elected from each election district, and that he shall have a vote and voice on the various committees of which he becomes a member in proportion to the vote of his party cast in his district at the last gubernatorial election. The party vote at the last gubernatorial election was the statutory rule for apportioning representation by delegates in a convention prescribed by section 66 of the election law before that section was, by virtue of section 58 of chapter 891 of the Laws of 1911, renumbered and re-enacted in an amended form as section 111, and by the provisions of section 64 of the former election law, which was repealed by said chapter 891 of the Laws of 1911, that was made the rule of apportionment with respect to members of committees; and doubtless it is still the rule, for section 111 of the present election law continues in force the existing units of representation and apportionment of delegates until changed by party rules, and section 36 of the election law continues in force the units of representation and apportionment of members of the state committee until changed as therein provided, but it is not expressly so stated with respect to the other committees, although section 38 of the election law continues party rules not inconsistent with the election law until changed. The Legislature, in repealing this statutory rule with respect to apportionment, and declaring that the existing party rules not inconsistent with the election law should remain in force until amended or repealed, doubtless intended to leave it discretionary with the parties to adopt a different equitable rule of apportionment; but, whatever the rule of apportionment lawfully adopted and existing may be, there should be no serious diffi-

culty in applying it in amending the party rules as may be necessary. I am of opinion that the party rule adopting the assembly district as the unit of representation is inconsistent in part as herein stated with section 37 of the election law. I do not agree that the court can amend the statute, but it may declare that a party rule is in part abrogated by the statute.

It is manifest, therefore, that a party may, by refraining from prescribing a different rule on the subject, accept the statutory rule provided in section 37 of the election law, and let the members of its county committee represent it on all other committees specified in that section, and if it should then adopt the election district as the unit of representation, and provide that only one member of the committee should be elected from each election district, it would be necessary to print on the ballot the name of only one candidate in each column for a member of the county committee. It thus appears that the responsibility for the size of the ballot rests with the respective party organizations. It is not, for the reasons already stated, the province of the court to decide on this appeal in what respect, if any, the party rules of the different parties may require amendment in order that the members of the party may be afforded their constitutional right to intelligently participate in the primary election, and that the election of members of the county committee or other committees may be legal, nor does the record even contain such party rules. Counsel for the respective parties, however, seem to apprehend dire results from the operation of the law, and they have joined in requesting an opinion from the court giving a construction to the statute, if it be declared constitutional, which will enable the respective parties to proceed regularly and legally, and in view of the shortness of the time before nominations are required to be made for the primaries by the party committees, and the public interest in the questions, I see no impropriety in expressing an opinion with respect to the construction of the statute and the duty of political committees thereunder, which, I think, will render the statute consistent and practical. It may be observed at the outset that no question could arise with respect to the regularity of the election of the members of the county committee or of any other committee required by the rules of the party to be separately elected on account of the difficulties of which complaint is made, if the respective parties would, by an appropriate rule, adopt the election district as the unit of representation; but, if it be deemed desirable by the party organizations to retain the assembly district as the unit of representation, they or any of them may, in my opinion, do so, provided that the party rule be amended by virtue of the authority to adopt and amend rules conferred upon party committees by section 38 of the election law, so as to make special provision for nominations for members of the county committee to represent election districts on a political committee representing a political district not embracing the entire assembly district in which such election districts are included. If, for instance, one election district only of a particular assembly district is part of a congressional district, comprised, with that exception, of other territory, it would seem that a party rule might be devised apportioning

membership in the county committee for that assembly district between that election district and the rest of the assembly district, of which it forms a part, according to the party rules governing the apportionment of representation to the particular units of representation. If such a party rule were duly adopted, then one or more members of the county committee could be nominated and elected for that election district by the electors thereof, and the remaining members of the county committee to which the assembly district would be entitled could be nominated and elected on a single ballot by the electors of the remaining election districts of the assembly district. I perceive no difficulty in adapting this procedure to any situation arising in the county of New York disclosed by the record or suggested by counsel. Of course, if party rules require the separate election of members of the different committees, the apportionment of members of the committees other than of the county committee would necessarily be according to the total representation on the particular committee, and not the representation of the assembly district on the county committee should those representations differ, and the question now presented would not arise. On these suggestions, the appropriate committee of the respective parties should be able to amend the party rules to provide for all of the exceptional situations arising under the law, and to afford the members of their respective parties equal representation, so far as may be, on the respective committees, and equal opportunity to participate in the primaries. On the adoption of appropriate amendments in this regard, the respective party committees will be in a position to file nominations for the primaries; and, if other members of the party should then desire to make further nominations by petition, they should, in so doing, follow the party rule with respect to the number of the members of the committee and the district or districts in which they are to be elected. There is ample time to amend party rules as provided in section 38 of the election law, and with the provisions of sections 47, 48, and 49 thereof with respect to filing nominations, and the provisions of section 42, if not properly complied with, are mandatory, and may still be complied with both by party committees and by the board of elections. If a party organization should fail to adopt appropriate amendments to the rules to carry into effect this legislation, the members of the party would doubtless have a remedy by mandamus or under section 56 of the election law to compel the performance of the duty.

I think it proper to make the further observation that in the exceptional instances cited a rule would not be valid which would provide for the election of a member or members of a committee to represent a single election district by the electors of the party in the entire assembly district; for, while that might not be open to objection on the part of the electors represented by other members of committees, it would be open to objection on the part of the electors of that particular election district, whose wishes might be outvoted by electors in other parts of the assembly district who would be entitled to no vote or voice either in nominations or elections in the particular political district to which such election district only of the

assembly district forms a part, and who, therefore, would have no legal right to participate in the election of members of the committee for a political district in which they are not electors. See Matter of Murphy, supra. I am of opinion that the court is without authority to require the board of elections to comply with the order as it is to be modified.

I therefore vote to affirm the order.