Let an order be entered accordingly.

---

### In re ZIMMER.

(Supreme Court, Special Term, Erie County.   July 19, 1912.)

1. ELECTIONS (§ 154*)—PRIMARY ELECTIONS—JUDICIAL REVIEW.

Election Law (Laws 1911, c. 891) § 56, authorizing the court to make any change in the result of a primary election as certified to by the custodians of primary elections as justice may require, authorizes the court to make a decision under the facts, and where, from the primary record, it appears that other ballots variously naming a candidate

should have been counted for him, and, if so counted, he would have been elected, the court may declare his election.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

2. ELECTIONS (§ 152*)—PRIMARY ELECTIONS—POWER OF COMMITTEEMAN.

Where, under the rules of a political party, two members of the county committee should be chosen from a ward which had two districts, and an election in each district to elect one committeeman was ordered, a sitting committeeman could not invalidate the election of a candidate from a district on the ground that the entire ward should have elected two committeemen.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 134; Dec. Dig. § 152.*]

Petition of Charles N. Zimmer to review the action of Dow Vrowman and another, custodians of primary records of the county of Niagara, in canvassing and certifying the result of the primary election, held in the First election district of the Eighth ward of the city of Lockport, as to the candidate voted for for member of the Republican County Committee. Order entered for petitioner.

See, also, 134 N. Y. Supp. 502.

S. Wallace Dempsey, for petitioner.

J. Frank Smith (W. W. Storrs, of counsel), for respondent Papworth.

POOLEY, J. This is a proceeding to review the primary election for "member of the Republican county committee," First district, Eighth ward, Lockport, held March 26, 1912, at which 81 ballots were cast, as follows: Charles Papworth, 35; Charles N. Zimmer, 33; Charles M. Zimmer, 1; Charles Ziemer, 1; Charles Zimmer, 3; C. Zimmer, 1; C. N. Zimmer, 1; Charles F. Zimmer, 1; Charles A. Zimer, 1; Charles W. Zimer, 1; Charley Cimmer, 1; ——— Zimmer, 1; and C. H. Zimmer, 1.

These ballots were originally printed ballots with the name of "Charles Papworth," the sitting committeeman (who is a candidate for re-election), printed on the ballot, and space was left for the insertion of the name of any other citizen who might be voted for, the same to be written upon the ballot. All of these ballots other than for Charles Papworth were prepared by writing in the names as above stated. The custodians of election certified that they canvassed and certified the result of said primary election and issued a certificate that Charles Papworth had been elected. He did not receive a majority of the votes, and, if the other ballots are to be counted for the petitioner other than those standing in his name, the certificate should have been awarded to the petitioner.

[1] This proceeding is brought under section 56 of the Election Law, being chapter 891 of the Laws of 1911, which supersedes section 70 of the Election Law as it stood under chapter 22 of the Laws of 1909 (Consol. Laws 1909, c. 17). The earlier statute provided for a judicial review by mandamus or certiorari or by a limited summary proceeding. This statute was discussed and passed upon in De-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cember, 1910, in Re Hines, 141 App. Div. 569, 126 N. Y. Supp. 386, where the court held that its power under section 70 to review by mandamus or certiorari or ·summary jurisdiction was confined to such matters as were within the jurisdiction of the board whose action is being reviewed, and that, where the right to office of general committeeman of political party to be declared elected is questioned on the ground of fraudulent practices by voters at the polls, the matter cannot be determined by summary proceedings under this section, instituted by process served only on the board of electors, against which no charge of fraud is made and which had no power to review the acts of the electors, but dealt solely with the returns sent to it by the inspectors, and which had only the functions of a custodian. The court also held in that case that a court of equity had no jurisdiction to test the title to office, and that no summary jurisdiction to test title to office is conferred upon a court by the Election Law.

Chapter 891, Laws 1911, is a re-enactment of the Election Law and section 56 of that law supersedes section 70 of the law as it stood in 1910, at the time of the decision in Re Hines, supra. To me it appears obvious that the later enactment was to overcome the criticism of the Election Law found in the case in Re Hines, supra, and to meet the apparent deficiencies of the old law and to afford a summary process of arriving at a "decision and order as under all the facts and circumstances of the case justice may require." The act is pointed specifically at "the action of any custodian of primary records in canvassing and certifying the result of any primary election," and holds that this action may be reviewed by the Supreme Court or a justice thereof, which by order may make any change in the result of such primary election as certified to by the custodian of the primary records. A later statute now specifically provides that the court shall have the right to subpœna and examine witnesses, or in its discretion to hear and determine the case upon affidavits, which procedure was adopted and followed in the case now before us. We are advised of no cases where this statute has been construed, and it is incumbent, therefore, upon us to treat the case as an entire new proposition. The cases heretofore referred to appear to us as not binding upon us under the present view of the statute.

The respondent has filed preliminary objections practically addressed to the proposition that the court has not jurisdiction and power under the statute. While these objections might have had considerable force under the earlier statute and the Hines Case in which the earlier statute was construed, I am of the opinion that under the present statute they are not pertinent and should be overruled.

[2] The question is raised by the respondent that, under the rules and regulations of the Republican party of the county, two members of the committee should have been chosen from the ward, which in this case had two districts. Instead of calling an election of the entire ward to elect two committeemen, they called a meeting in each district to elect one committeeman. This respondent, Charles Papworth was then the sitting committeeman, and I should assume prima-

rily responsible for calling the election. At all events, election has been held in the district and but one committeeman chosen, and it is fair to assume that a like election was held in the Second district and a committeeman selected from that district. I therefore see no grounds for complaint that are available to the respondent in this proceeding. Followed to its logical conclusion if the respondent is right, the election was void and a new election should be held, but it does not seem necessary to go to that extent in this proceeding. There seems to be no doubt from the evidence taken here that all of the ballots other than for Charles Papworth were cast for this petitioner Charles N. Zimmer. It appears from the testimony of witnesses sworn that he is the only person named Zimmer who resided in the district at the time of the election, other than his son, who was then a minor and disqualified for election to such office; while all the witnesses who were sworn testified to the fact that Charles N. Zimmer was a person well known in the community, a foreman at a large manufacturing concern, and that the votes which he received were largely, if not entirely, from intimate friends of his, and that the ballots showing the name variously spelled were all intended for him. Indeed, this fact is not seriously disputed. So that, stripped of all formalities, Charles N. Zimmer received a substantial majority of the votes at the primary, and is entitled to the office or position.

The custodians of primary records in this case upon canvassing the 81 ballots found the ballots as above stated. Now assuming that as ministerial officers they had no power to count any of the ballots for the petitioner other than those marked "Charles N. Zimmer," and as returned by the inspectors, still, as the record appeared when the transcript was made by them on the face of returns Papworth had 35 ballots and Zimmer, variously named, had 46. If any discretion was vested in the custodians of primary records in view of the facts which have been disclosed on the record, they would have been justified in counting enough of these ballots to Charles N. Zimmer to have awarded him the certificate, even though not all of them were counted. But, assuming that they had no such power, I am of the opinion that under the circumstances they would have been justified in refusing to issue a certificate to Charles Papworth or to any one under the return, but that they should have notified both Papworth and Zimmer so that they would have an opportunity to take this proceeding, and have this court determine what justice required in the premises.

An order may be entered in favor of the petitioner, and, inasmuch as the matter is new, I suggest that counsel submit the order to be settled before me at some convenient time.