## In re KING.

(Supreme Court, Appellate Division, Fourth Department.    March 5, 1913.)

1. ELECTIONS (§ 121*)—PETITION FOR INDEPENDENT NOMINATION.

    A petition to designate certain persons as independent candidates for Republican party positions as candidates for county and ward committee was defective, in not stating the time of holding the primary election, the committee for which the candidates were designated, the place of residence of the candidates or signers, and because the certificate of acknowledgment did not contain the signers' names.

    [Ed. Note.—For other cases, see Elections, Cent. Dig. § 115; Dec. Dig. § 121.*]

2. ELECTIONS (§ 154*)—POLITICAL COMMITTEES—REVIEW BY COURTS.

    Election Law (Laws 1911, c. 891) § 56, provides that any action or neglect of the officers or members of a political committee, or of any inspector of primary election, etc., with regard to the right of any person to participate in any committee, or the right given to any political committee, etc., shall be reviewable by summary proceedings upon petition of any person aggrieved, instituted before the Supreme Court within the district where the neglect of duty took place. *Held,* that the power to hear summary proceedings was only given in case of erroneous action by the official specified, and not to correct mistakes made by the electors, so that the Supreme Court could not permit petitioners for the designation of independent candidates for Republican party positions as candidates for county committee to supply defects in such designation; nor would section 135, relating to defects in certificates of nomination, authorize it to do so, in view of section 3, defining the term "nomination" as different from "designation" as defined therein.

    [Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

3. ELECTIONS (§ 154*)—DESIGNATION OF CANDIDATES.

    Defects in a petition to designate independent candidates for party positions, resulting from carelessness in preparing the petition, with knowledge of the statutory requirements, will not be corrected by the Supreme Court, even if it had power to do so, in a summary proceeding.

    [Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Appeal from Special Term, Oswego County.

In the matter of the petition of Stephen King for an order restraining the Board of Election of Oswego County from placing certain names upon a primary election ballot. From a part of an order permitting the filing of an amended petition nunc pro tunc, petitioner appeals. Reversed.

The proceeding was commenced on the 15th day of March, 1912, by the petition of Stephen King, upon which an order was granted requiring the board of elections of Oswego county to show cause why an injunction should not be granted forbidding the board to place upon the official primary election ballot the names of C. M. Austin, Thomas Deitz, and Edwin L. Sheetz as candidates for Republican party positions in the Fifth ward of the city of Oswego, N. Y., to be voted upon at the spring primary election to be held on March 26, 1912. Upon the return of the show cause order the matter was heard, and an order made declaring the petition for the designation of said named persons as candidates to be incomplete and insufficient, but authorizing the filing of an amended petition supplying the deficiencies at or before 6 o'clock p. m. on the 20th day of March, 1912, nunc pro tunc as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the 9th day of March, 1912. From that part of the order allowing the filing of an amended petition nunc pro tunc, the petitioner in this proceeding appeals. The appeal is submitted upon the brief of the appellant alone, the respondents not appearing upon the appeal.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Ezra A. Barnes, of Oswego, for appellant.

McLENNAN, P. J. On March 4, 1912, the designation of the petitioner herein, Stephen King, as a candidate for member of the Republican county committee from the First district of the Fifth ward of the city of Oswego, made by the county committee, was filed with the board of elections of Oswego county, pursuant to sections 46 and 47 of article 4 of the Election Law (Laws 1911, c. 891). The regularity of such designation is conceded. On March 9, 1912, a petition was filed with the said board, purporting to designate C. M. Austin, Thomas Deitz, and Edwin L. Sheetz as independent candidates for Republican party positions in said Fifth ward of Oswego; Austin and Deitz being named as candidates for county committee, and Sheetz for ward committee. The last day to file petitions making independent designations under the statute was March 11, 1912.

[1] The petition so filed was alleged to be defective in several particulars as to execution, among others, in that it failed to state the time of holding the primary election, the ward or county committee for which the candidates were designated, the place of residence of the candidates or of the signers, and that the certificate of acknowledgment did not contain the names of the signers. The judge correctly held that the petition was insufficient and defective, and not in compliance with the Election Law.

While the primary election has been held, and the decision of the question presented can be of no practical value as affecting that election, the question of the authority of the Supreme Court or a justice thereof in such a case is of such importance that we should pass upon the question here involved. In re Cuddeback, 3 App. Div. 103, 39 N. Y. Supp. 388; People ex rel. Spire v. Genl. Com., 25 App. Div. 339, 49 N. Y. Supp. 723.

[2] By section 56 of the Election Law it is provided:

"Any action or neglect of the officers or members of a political convention or committee, or of any inspector of primary election, or of any public officer or board with regard to the right of any person to participate in a primary election, convention or committee, or to enroll with any party, or with regard to any right given to or duty prescribed for, any voter, political committee, political convention, officer or board, by this article, shall be reviewable by summary proceedings upon the petition of any person aggrieved thereby, or upon a petition presented by the chairman of any political committee, which summary proceedings may be instituted before the Supreme Court or a justice thereof within the judicial district where the transaction, act or neglect of duty took place. * * *"

We are of the opinion that the summary review authorized by this section, as applied to the board of elections, is confined to official acts and to such matters as the board being reviewed had jurisdiction of. Matter of Hines, 141 App. Div. 569, 126 N. Y. Supp. 386. It confers

power of summary proceeding upon the court or a justice thereof only in case of erroneous action on the part of the officials therein specified, and does not give any power to correct mistakes made by the electors themselves. Matter of Jackson v. Britt, 147 App. Div. 87, 131 N. Y. Supp. 877.

There is no provision in section 56 whereby the court is authorized to allow the petitioners to supply defects appearing in the designation. The authority conferred by section 135 as to the supplying of defects refers to defects in the certificates of nomination, and under section 3, defining the terms used in the Election Law, the term "nomination" has an entirely different meaning from the term "designation," which is used exclusively in reference to the method by which candidates for party nominations or for election as party committeemen or delegates may be named, in order that they may be placed upon the official ballot for any official primary election, and therefore the decision of the Court of Appeals in Matter of Darling, 189 N. Y. 570, 82 N. E. 438, has no application here.

[3] Even if the Supreme Court or a justice thereof had the power to relieve from accidents or mistakes not due to the negligence or fault of the persons signing and filing the petition, no reason appears in the record for the exercise of such power. The defects appear to have existed because of carelessness in the preparation of the petition, with full knowledge of the requirements of the statute in reference thereto. Matter of Swarthout, 76 Misc. Rep. 24, 136 N. Y. Supp. 243.

We are therefore of the opinion that the justice should have granted the application of the petitioner, and therefore the order appealed from should be reversed, without costs. All concur; KRUSE, J., in result only.