### In re SWEENEY.

#### (Supreme Court, Special Term. Schenectady County.)

1. ELECTIONS (§ 154*)—CONTEST—JUDICIAL REVIEW.

While commissioners of election act ministerially and have no power to decide that ballots with similar, but not identical, names were intended for the same candidate, yet under Election Law (Laws 1911, c. 891) § 56, providing that any action or neglect of the officers or members of a political convention, committee, or inspector of a primary election, etc., may be reviewed by summary proceedings on petition presented by the chairman of any political committee before the Supreme Court or a justice thereof, the court in such a proceeding may examine and determine the intent of the voter in designation of his choice.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

2. ELECTIONS (§ 126*) — PRIMARY ELECTION — POLITICAL PARTY — RULES AND REGULATIONS.

The intention and desire of a committee of a political party not to nominate a candidate for the office of Justice of the Supreme Court, and the rules and regulations of the Socialist party that no person not a candi-

date in good standing shall be eligible as a candidate of the party for any political office, cannot affect the constitutional right of a person duly enrolled with that party to vote at a primary for whomsoever he pleases to become the candidate of the party for Justice of the Supreme Court.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

Petition by Daniel J. Sweeney, Chairman of the Socialist Committee of Schenectady County, to review the action and neglect of Commissioners of Election in and for Montgomery County, who acted in making returns from the inspectors' returns and tally sheets at a primary election held September 16, 1913, in Montgomery county, and to correct returns made by the commissioners as provided by Election Law (Laws 1911, c. 891) § 56. Petition granted in part.

For opinion of Supreme Court, Appellate Division, reversing order, see 143 N. Y. Supp. 727; and for opinion of Court of Appeals reversing that decision, see 103 N. E. 164.

Fryer & Lewis, of Schenectady, for the petition.

Andrew J. Nellis, of Albany, and George B. Smith, of Schenectady, opposed.

WHITMYER, J. The total Socialist vote in the Fourth judicial district of this state, for the office of Justice of the Supreme Court, returned to the Secretary of State, was: Montgomery County: Henry V. Borst, 5; William H. Siebe, 5. Schenectady County: Henry V. Borst, 1; John E. Wallace, 3; Burritt B. Johnson, 1. Upon this return, the Secretary of State transmitted a certificate of nomination of said party to Henry V. Borst. The tally sheet of said party for the Third district of Minden, Montgomery county, shows that "H. V. Borst" received one vote, and the return of the inspectors of election for said district shows that "Henry V. Borst" received one vote for said office. The tally sheet of said party for the First district of St. Johnsville, Montgomery county, shows that "H. V. Borst" received two votes, and the return of the inspectors of election for said district shows that "H. V. Borst" received two votes for said office. The tally sheet of said party for the Second district of St. Johnsville, Montgomery county, shows that "Harry V. Borst" or "Hany V. Borst," or some similar name, received two votes, and the return of the inspectors of election for said district shows that "H. V. Borst" received two votes for said office. The tally sheet of said party for the Second district of Glenville, Schenectady county, and the return of the inspectors of election for said district, both show that "Henry V. Borst" received one vote for said office in said district. The chairman of the Socialist county committee in and for the county of Schenectady has instituted this proceeding upon these facts, under section 56 of the Election Law (Laws 1911, c. 891), and seeks to have the returns of the commissioners of election of the county of Montgomery corrected in accordance with the facts, and the certificate issued to Henry V. Borst canceled on the ground that the Socialist party did not nominate, and that it was the desire and intention of said party not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to make any nomination, for the office of Justice of the Supreme Court.

The papers show that Henry V. Borst has practiced law for many years in the city of Amsterdam in said county of Montgomery; that he has been district attorney, and county judge and surrogate of said county; that he is a duly enrolled Democrat of the city of Amsterdam in said county, and not an enrolled Socialist; that he was appointed Justice of the Supreme Court in and for said district in February, 1913, and has ever since acted and is now acting as such; and that he is the nominee of the Democratic party, the National Progressive party, and the Independence League for said office in said district. The papers also show that William H. Siebe is a duly enrolled Socialist, and is not and never has been an attorney at law. And the constitution of the Socialist party provides that no person, who is not in good standing at the time of his nomination, and has been such for a period of two years preceding the date thereof, shall be eligible as a candidate of said party for any political or public office.

Section 56 of the Election Law (chapter 891, Laws of 1911), so far as material, reads as follows:

"Sec. 56. Contests; judicial review. Any action or neglect of the officers or members of a political convention or committee, or of any inspector of primary election, or of any public officer or board with regard to the right of any person to participate in a primary election, convention or committee, or to enroll with any party, or with regard to any right given to or duty prescribed for, any voter, political committee, political convention, officer or board, by this article, shall be reviewable by summary proceedings upon the   *   *   *   petition presented by the chairman of any political committee, which summary proceedings may be instituted before the supreme court or a justice thereof, within the judicial district where the transaction act, or neglect of duty took place. Such proceedings shall be heard upon such notice as the court or justice thereof shall direct. In reviewing such action or neglect, the court, justice or judge shall consider, but need not be controlled by, any action or determination of the regularly constituted party authorities upon the questions arising in reference thereto, and shall make such decision and order as, under all the facts and circumstances of the case, justice may require.   *   *   *   The action of any custodian of primary records in canvassing and certifying the result of any primary election, or of the Secretary of State in preparing and certifying the list of delegates to any convention, or members of a state committee, may be reviewed in like manner by the Supreme Court, or a justice thereof, which by order may make any change in the result of such primary election as certified to by the custodian of primary records, or any change or alteration in the list of delegates or members of a state committee prepared by the Secretary of State, as justice may require. The change or alteration so made, if the result is as to the nomination of a candidate for an elective office, the name of the person so adjudged to have been accredited with the greatest number of votes at such primary for such elective office, shall be placed upon the official ballot as the candidate for the party holding such primary; and any change or alteration so made by the court or the justice thereof in the statement of the list of delegates shall be included in the statement of the list of delegates to be certified by the secretary of state, to the chairman or the secretary of the state committee, or the chairman of such other political committee, as under the provisions of this article, are empowered to call the conventions to which such delegates are elected."

The Legislature has made a decided change by the law as it now stands in the scope of the review by these proceedings of the return

and canvass by custodians of primary records. Under the law as it stood prior to the enactment of chapter 891, Laws of 1911, the review was confined to the matters only of which the canvassing board had jurisdiction. People ex rel. Calihan v. Hunt, 75 App. Div. 33, 77 N. Y. Supp. 973; Matter of Hines, 141 App. Div. 569, 126 N. Y. Supp. 386. As that board acted ministerially only, it was held that it could not assume to decide that ballots with similar names were intended for the same candidate. This has been changed. Now, the action of custodians of primary records in canvassing and certifying the result of any primary election may be reviewed in like manner by the Supreme Court or a justice thereof, and such court or justice may by order make any change in the result of such primary election as certified to by the custodians of primary records, as justice may require, and the change or alteration so made, if the result is as to the nomination of a candidate for an elective office, the name of the person so adjudged to have been accredited with the greatest number of votes at such primary for such elective office, shall be placed upon the official ballot as the candidate for the party holding such primary. This provision was not contained in the law as it stood prior to 1911, and seems to show, on its face, that the Legislature intended to enlarge the scope of the review by the court.

[1] While commissioners of election still act ministerially and have no power to decide that ballots with similar names were intended for the same candidate, nevertheless, it seems clear that the intent of the voter is now a matter which the court may determine in this proceeding. Matter of Zimmer, 77 Misc. Rep. 336, 136 N. Y. Supp. 506. Matter of King, 155 App. Div. 720, 140 N. Y. Supp. 914, is not opposed to this view. The decision in that case related to that portion of section 56 which is similar to section 70 of the law as it stood prior to the enactment of chapter 891 of the Laws of 1911, under which Matter of Hines, supra, and the other cases cited by petitioner, were decided. The portion of the section, under consideration here, was not discussed in any way. There can be no doubt about the fact that the votes cast for "H. V. Borst" and "Harry V. Borst" or "Hany V. Borst," or some similar name, were intended for Henry V. Borst.

[2] The intention and desire of the Socialist committee not to nominate a candidate for the office of Justice of the Supreme Court, and the rules and regulations of the Socialist party to the effect that no person, not a Socialist in good standing, shall be eligible as a candidate of the party for any political office, cannot affect the constitutional right of a person duly enrolled with that party to vote at a primary for whomsoever he may please. The rules and regulations of a party are to be considered, but they cannot stand against the constitutional right of the voter. Election Law, § 56; Matter of Heacock, 18 Misc. Rep. 311, 41 N. Y. Supp. 161. Whatever may be said about the matter otherwise, it seems clear that the votes cast as shown were intended for Henry V. Borst. The return of the commissioners of election, however, is clearly erroneous, and should be corrected to show the facts;

but the petition, so far as it asks that the certificate of nomination from the Secretary of State to Henry V. Borst be canceled, should be denied, at least in this proceeding.

An order may be prepared accordingly.