In re TENJOST.  (No. 187–12.)

(Supreme Court, Appellate Division, Fourth Department.  July 7, 1915.)

ELECTIONS ☞154—PRIMARY ELECTIONS—COUNTING AND CANVASSING VOTES—
JUDICIAL REVIEW.

Election Law (Consol. Laws, c. 17), § 56 (inserted by Laws 1911, c. 891, § 29), provides that the action of any custodian of primary records in canvassing and certifying the result of any primary election may be reviewed in a summary proceeding by the Supreme Court or a justice thereof, which by order may make any change in the result of such primary election as certified to by such custodian as justice may require. *Held* that, in such a proceeding, the court can review only such action as the custodians of the primary records have themselves taken, and correct errors which they have made, and the court cannot summarily review the action of the inspectors of election in counting and canvassing the vote in their respective districts and certifying to the result found by them, nor change the result reached by them.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. ☞154.]

Appeal from Special Term, Erie County.

Application by William Tenjost to review the action of the Board of Elections or Custodians of the Primary Records of the County of Erie in canvassing and certifying the result of the primary election for member of the state committee, held by the Republican party in the various election districts of the Sixth assembly district, comprising the First, Second, and Third districts of the Eighth Ward, First district of the Ninth Ward, First, Second, Third, and Fourth districts of the Tenth Ward, and the First, Second, Third, Fourth, and Fifth districts of the Fifteenth Ward, held on the 28th day of September, 1914, in the city of Buffalo, New York. From an order directing Frank J. Schmidt and another, custodians of primary records of the county of Erie, to cancel and nullify a certificate issued by them to Valentine A. Truszkowski, certifying that he was duly elected state committeeman

---
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the Republican party for the Sixth assembly district of such county of Erie at a primary election held on September 28, 1914, and that they issue to William Tenjost their certificate that at such primary election he was duly elected to such office or position, Truszkowski appeals, and the notice of appeal also states that appellant intends to bring up for review upon this appeal an order which directed said custodians of primary records of the county of Erie to produce for inspection all the ballots cast at the primary election on September 28, 1914, of each and every election district constituting the Sixth assembly district of Erie county on which the name of petitioner, William Tenjost, appeared as a candidate for member of the Republican state committee, and that said custodians of primary records permit said William Tenjost, or his authorized agents, to examine said ballots; and appellant also appeals from said order of October 19, 1914. Reversed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Gibbons & Pottle, of Buffalo (Frank Gibbons, of Buffalo, of counsel), for appellant.

Ernest W. McIntyre, of Buffalo, for respondent.

PER CURIAM. At the official primary election in Erie county on the 28th day of September, 1914, appellant, Valentine A. Truszkowski, and respondent, William Tenjost, were respectively candidates for the position of member of the Republican state committee for the Sixth assembly district of said county, and their names were printed upon the official ballot. The inspectors of election in the several election districts in that assembly district canvassed the ballots cast, and made and delivered to Frank J. Schmidt and William J. Beyer, constituting the board of elections of said county and custodians of primary records therein, certificates of the result of the canvass by them of the votes cast at said election for said Republican state committeeman in said Sixth assembly district, showing that 387 votes were cast for appellant, Truszkowski, and 380 votes for respondent, Tenjost. Said custodians of primary records thereupon canvassed a statement of the results of said primary election filed with them, and made and filed a certificate that from said statement it appeared that said Truszkowski received 387 votes and said Tenjost 380 votes, and that said Tenjost was duly elected as such state committeeman.

Thereafter, and on October 12, 1914, said Tenjost made the petition in this proceeding, and on October 12th, on filing said petition, an order was made by the Erie Special Term, in substance, that the action of said custodians of primary records in making and filing said certificate of the election of said Truszkowski be reviewed by the Special Term; that said custodians of primary records produce before the court at Special Term on October 14, 1914, all the ballots cast in each district comprising said Sixth assembly district at said Republican primary election, for examination by said Tenjost or his authorized agents, under the jurisdiction of the Special Term, and that said custodians of primary records show cause at the time and place aforesaid why an order of the court should not be made adjudging that

Tenjost was duly elected. Copy of the order was directed to be served upon the said custodians of primary records and upon said Truszkowski, but not upon the inspectors of election, or any of them. The petition alleged numerous mistakes or errors of the several inspectors of election in counting or failing to count the votes cast for Republican state committeeman, and that the vote actually cast in favor of said Tenjost exceeded by at least 10 the number properly cast for said Truszkowski.

In obedience to the order of the Special Term, the custodians of primary records did produce the ballot boxes from each of the election districts in said Sixth assembly district, and the same were examined by said Tenjost and his counsel in the presence of said Truszkowski and his counsel, and thereafter· and on October 19th an order was made by said Special Term requiring said custodians of primary records to produce all said ballots before the Special Term on October 20th for examination, and the same were so produced and examined by the parties and their counsel under the direction of the justice presiding, and a new count of said ballots was made, and some of the ballots cast for said Truszkowski and counted for him by the inspectors of election were rejected, and some of the ballots cast for said Tenjost and rejected by the inspectors of election were counted, and the court upon such recount determined that 353 ballots were properly cast and to be counted for said Tenjost and 340 for said Truszkowski, and thereupon made the order appealed from, requiring said custodians of primary records to cancel and nullify the certificate of election issued to said Truszkowski, and to issue a new certificate to said Tenjost of his election as state committeeman.

Thus, the action of the inspectors of election in 13 different election districts, in counting and canvassing the vote in their respective districts and certifying to the result found by them, has been summarily reviewed, and the result reached by them radically changed in a proceeding against the custodians of primary records alone, designed only to review the action of that body. If this can be done, then in a proceeding similar in form against the secretary of state to review his action in canvassing the certificates of the result of the election throughout the state for any state officer, the Special Term may order all the ballot boxes in the state reopened and the votes recounted, 'for the provisions of the statute for reviewing the action of custodians of primary records and the action of the secretary of state are the same.

We think it was not the intention of the statute to authorize a recount of the votes and a declaration of a different result based upon such recount in a proceeding against custodians of primary records alone. The authority for this proceeding is now found in sections 41 and 56 of the Election Law. Section 56 is a re-enactment, with some changes, of section 70 of the Election Law as it stood in 1910. It was held in the First Department (In the Matter of Hines, 141 App. Div. 569, 126 N. Y. Supp. 386) that under section 70 of the Election Law, where the right to the office of member of a general committee of a political party declared elected at a primary election is questioned on the ground of fraudulent practices by voters at the polls, the matter

cannot be determined by summary proceedings under section 70 instituted by process served only upon the board of elections, against which no charge of fraud is made, and which had no power to review the acts of the electors, but dealt solely with the returns sent to it by the inspectors of election, and which had only the functions of a custodian.

We find no such change in the form or substance of the statute, which is now section 56, from its form as former section 70, as to change the rule laid down in this Hines Case, and we are of opinion that in this proceeding to review the action of the custodians of primary records the court can review only such action as that body has itself taken and correct errors which that body has made. See, also, Matter of King, 155 App. Div. 720, 140 N. Y. Supp. 914; People ex rel. Cantor v. Board of Canvassers, 165 App. Div. 142, 150 N. Y. Supp. 480; Matter of Sweeney, 158 App. Div. 496, 143 N. Y. Supp. 727, affirmed 209 N. Y. 567, 103 N. E. 164.' We do not concur in the construction placed upon the Election Law in Matter of Zimmer, 77 Misc. Rep. 336, 136 N. Y. Supp. 506.

The orders appealed from must be reversed, with $10 costs and disbursements.